UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLOS FRYE, | Case No. 2:21-cv-01682-JDP (HC) |
| Petitioner, | ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND WITHIN SIXTY DAYS |
| v. | |
| RAYMOND MADDEN, | ECF Nos. 1 |
| Respondent. | |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it is time-barred and cannot proceed. I will give petitioner an opportunity to amend before recommending that this action be dismissed.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner was convicted of attempted murder in 2000. ECF No. 1 at 1. More than twenty years later, he argues his conviction should be overturned based on newly discovered evidence. *Id.* at 13-14.

1    In 1999, Milos Melson and Roosevelt Beatty were sitting in a parked vehicle in South
2  Sacramento.[1]  *Id.* at 19.  The two were heading to a garage structure where locals would gather to
3  socialize and play dominoes or cards.  *Id.*  A man approached them and, before either could react,
4  began firing into the vehicle with a handgun.  *Id.*  Beatty managed to flee the vehicle without
5  being hit.  *Id.*  Melson was shot five times, but survived.  *Id.*  Neither Beatty nor Melson were
6  able to get a good look at their assailant, but Melson picked petitioner out of a photographic line-
7  up that police presented to him.  *Id.* at 19-20.  Melson and Beatty have both authored affidavits
8  stating that, at trial, each testified that petitioner was not the shooter.  *Id.* at 39, 46.  Melson states
9  that, at the time of the photographic lineup, he was heavily sedated and his mother urged him to
10 select petitioner.  *Id.* at 46.

11    The prosecution linked petitioner to the nickname "Pookie" and introduced a scoresheet
12 bearing that name into evidence.  They argued that its recovery near the shooting tended to show
13 that petitioner was in the area.  To rebut this evidence, petitioner now presents an affidavit from
14 one Robert Brown, who claims that "Pookie" was his moniker and that he was in the area playing
15 dominoes that night.  *Id.* at 41.

16    Finally, petitioner presents the affidavit of Kirk Roberson, the owner of the garage where
17 Melson and Beatty were headed.  Roberson corroborates Brown's assertion that he, not petitioner,
18 was known as "Pookie."  Id. at 44.  Roberson also stands ready to testify that petitioner has never
19 set foot in his garage.  *Id.*

20    Petitioner argues that the foregoing affidavits constitute evidence of his actual innocence
21 and that his petition, otherwise untimely, should be considered on that basis.  *Id.* at 32.  The actual
22 innocence standard permits a time-barred petition to proceed where the petitioner "presents
23 evidence of innocence so strong that a court cannot have confidence in the outcome of the trial
24 unless the court is also satisfied that the trial was free of non-harmless constitutional error . . . ."
25 *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).  The evidence presented by petitioner does not rise
26 to that lofty standard.  The affidavits of both Melson and Beatty state that their testimony *at trial*

---

[1] These facts are taken from the "addendum" to the petition.

already cast doubt on petitioner's culpability. As such, these affidavits do not constitute new evidence compelling a different verdict. And the affidavits of Brown and Roberson are insufficient to show that, more likely than not, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Ninth Circuit has found that similar "new evidence" presented in the form of affidavits was insufficient to meet the actual innocence standard. *See Gandarela v. Johnson*, 286 F.3d 1086 (9th Cir. 2001).

I will give petitioner an opportunity to amend so that he can explain why this action should proceed.

It is ORDERED that:

1. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   November 3, 2021                                  _____
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE