UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLOS FRYE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND MADDEN,<br><br>　　　　　　Respondent. | Case No.　2:21-cv-01682-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND AS TIME-BARRED<br><br>ECF No. 6 |

　　　　Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing his initial petition, I found that it was time-barred and could not proceed. ECF No. 5. I gave petitioner an opportunity to amend and to explain why, despite untimeliness, his claims should be allowed to proceed. *Id.* Petitioner filed an amended petition which, for the reasons stated below, does not save his claims.

　　　　The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

　　　　Petitioner was convicted of attempted murder in 2000. He now argues that his conviction should be overturned based on four affidavits that indicate that he was not the shooter.[1] ECF No.

---

[1] A more detailed recitation of the facts can be found in my previous order, ECF No. 5.

1

6 at 44-53.  He acknowledges that his petition is untimely but argues that he should be allowed to proceed because he has presented evidence of his actual innocence.

The actual innocence standard permits a time-barred petition to proceed where the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error . . . ."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  As explained in my previous order, the affidavits presented by petitioner fall short of presenting strong evidence of his innocence.  Two of the affiants, Milo Melson and Roosevelt Beatty, state that their testimony *at trial* already cast doubt on petitioner's culpability.  ECF No. 6 at 45, 52-53.  Thus, their current affidavits are hardly new evidence of innocence.  More broadly, none of the affidavits are sufficient to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.  And the credibility of affidavits, like these, executed years after trial is suspect.  *See Herrera v. Collins*, 506 U.S. 390, 417-18 (1993).

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to rule on these findings and recommendations.

Further, it is RECOMMENDED that the amended petition, ECF No. 6, be DISMISSED without leave to amend as untimely.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 11, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE